No. 13,438.

Creek *v.* Lebo Investment Company.

(48 P. [2d] 792)

Decided August 19, 1935. Rehearing denied September 9, 1935.

Messrs. Pershing, Nye, Bosworth & Dick, Mr. Clyde C. Dawson, Jr., for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Mr. Chief Justice Butler delivered the opinion of the court.

LEVINA Creek, who was the defendant below, seeks the reversal of a judgment rendered against her in an action brought by Lebo Investment Company to recover rent.

There have been three trials of this case. The judgment rendered against the defendant at the first trial was reversed by this court. *Creek v. Lebo Investment Co.*, 85 Colo. 357, 276 Pac. 329. At the second trial, held in June, 1929, the jury returned two separate verdicts; one in the sum of $5,648.20 in favor of the plaintiff on its complaint; the other in the sum of $8,437.50 in favor of the defendant on her counterclaim. Though the judgment was not inserted in the transcript, it appears from the motion hereinafter referred to and the remarks of the court at the third trial that a judgment was rendered on the verdict for $5,648.20 in favor of the plaintiff. The court, Judge Francis E. Bouck presiding, granted plaintiff's motion for a new trial. The motion is not set out in the abstract or in the transcript; but from the record we assume (all presumptions being in favor of the judgment) that the plaintiff sought to have the court set aside the verdict against the plaintiff on the counterclaim and for a new trial on the counterclaim only. At the third trial, held January 16, 1932, the court, Judge Bouck presiding, instructed the jury: ''There is no dispute as to the amount of the rent due, and you will not have to consider it in connection with your verdict. * * * The only matter for your consideration is whether or not the plaintiff agreed with the defendant that it would immediately construct and install a new heating plant, and in the event you should find that such agreement was made and not carried out, then the amount the defendant was damaged, if any, as a result thereof.'' The jury returned a verdict in the sum of $6,650 in favor of the defendant on her counterclaim. On the 27th of the same month judgment for that amount was entered on the verdict. On April 11, 1932, the plaintiff filed its motion to vacate or correct the judgment as entered. It stated, among other things—and the truth of the statement has not been challenged—

that judgment for plaintiff in the sum of $5,648.20 was rendered for the plaintiff on June 24, 1929; that at the conclusion of the evidence at the third trial Judge Bouck announced, without objection from defendant or her counsel, ''that plaintiff would be entitled to recover upon its complaint the amount of the former judgment, with interest thereon from June 24, 1929, and that the only matters to be submitted to the jury were the questions involved in the defendant's cross-complaint; and the trial was continued upon her cross-complaint, with that understanding, without objection from said defendant or her counsel.'' The motion further stated ''that one of counsel for the defendant, went before some Judge, sitting in said Division, other than Judge Bouck, without notice to this plaintiff, or its counsel, and, without acquainting the other judge of the facts as aforesaid, obtained the entry of a judgment on January 27, 1932.'' In fairness, it should be noted that counsel referred to in the motion is not one of those appearing in this proceeding. The court, Judge Bouck presiding, granted the motion and ordered the entry, nunc pro tunc as of January 27, 1932, of a judgment for $148.75 in favor of the plaintiff, which amount was the difference between $5,648.20, the judgment rendered for the plaintiff on its complaint at the second trial, plus interest, and $6,650 awarded the defendant at the third trial of her counterclaim.

It is objected by counsel for the defendant (plaintiff in error) that as there was no verdict against the defendant at the third trial, the judgment was unwarranted, for when a case is tried to a jury, a judgment must be based upon a verdict of the jury; and that the trial court was without power to alter the verdict in a matter of substance after the discharge of the jury. The objections are without merit. As we have seen, the jury, at the second trial, found two separate verdicts; one in favor of the plaintiff on its complaint, upon which judgment already had been rendered; the other in favor of the defendant on her counterclaim. The defendant did not

seek to have the verdict and judgment against her set aside, and the plaintiff evidently was satisfied therewith. The record justifies the conclusion that the plaintiff sought and obtained a new trial on the counterclaim only, and that the verdict and judgment in plaintiff's favor rendered at the second trial were permitted to stand. That being true, there existed two verdicts, one in favor of the plaintiff, the other in favor of defendant, upon both of which separate judgments had been rendered; and it was permissible for the court to deduct the lesser from the greater and render a corrected judgment for the difference, and that is what was done. The court did not alter the verdict.

We perceive no error in the record. The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Young concur.